UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:13-CR-00020-GFVT-HAI-6 |
| V. | ) | |
| ROBERT JOE GIBSON, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 1218.] Defendant Robert Joe Gibson. has been charged with three violations of his terms of supervised release. *Id.* at 2.

Mr. Gibson was initially sentenced to sixty months of imprisonment followed by a four-year term of supervised release following his guilty plea to conspiring to manufacture 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. *Id.* at 1. Mr. Gibson was released and, within four days, arrested again on state charges. *Id.* His supervised release was revoked, and he was sentenced to twelve months and one day of imprisonment followed by another four-year term of supervised release. *Id.* Mr. Gibson was undergoing this second term of supervised release when the alleged violations occurred. *Id.*

The United States Probation Office ("USPO") issued a Supervised Release Report ("the Report") on October 23, 2018. *Id.* at 2. It states that on October 4, 2018 Officer Greiwe left a card on the door of Mr. Gibson's residence directing him to report to the office on October 9, 2018. When Mr. Gibson failed to appear, on October 12, 2018 Officer Greiwe left a second card

on Mr. Gibson's door instructing him to appear on October 15, 2018. Mr. Gibson again failed to appear. Based on this conduct, the Report alleges that Mr. Gibson committed two violations. First, his failure to report on October 9 and October 15 violated the condition that he "report to the probation officer as instructed." Because Officer Greiwe did not know of Mr. Gibson's whereabouts on those occasions, Mr. Gibson violated the condition that he "must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to ttake nay items prohibited by the conditions of your supervision that he or she observed in plain view." All three violations are classified Grade C violations. *See* U.S.S.G. § 7B1.1(a)(3)

An addendum to the Report alleges a fourth violation. On October 20, 2018, Mr. Gibson was arrested by a Kentucky State Police trooper while driving. On October 22, 2018 Mr. Gibson pleaded guilty to the state charges of driving with no registration plates, failure of owner to maintain required insurance, operating on a suspended/revoked driver's license, and operating a motor vehicle under the influence of alcohol/drugs with aggravating circumstances. This conduct also constitutes a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3).

At his initial appearance before Magistrate Judge Hanly A. Ingram on October 31, 2018, Mr. Gibson entered a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. [R. 1214.] The United States made a motion for detention, and Mr. Gibson did not argue for release. [R. 1218 at 4.] Judge Ingram determined that detention was required. *Id*. On November 8, 2018, Magistrate Judge Hanly A. Ingram held a final revocation hearing where Mr. Helbig competently entered a knowing, voluntary, and intelligent stipulation to all alleged violations set forth in Officer Greiwe's report. [R. 1217.] Subsequently, Judge Ingram prepared a Recommended Disposition. [R. 1218.]

Each violation to which Mr. Gibson has stipulated constitutes a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3). With his criminal history of III and a Grade C violation, Mr. Gibson's range under the Revocation Table is 5–11 months. *See* U.S.S.G. § 7B1.4(a). At the final hearing, the United States argued for an above-guidelines sentence of twenty months imprisonment, whereas Defense counsel requested an eleven-month sentence. [R. 1218 at 5.] Both parties agreed that Mr. Gibson would benefit from an additional period of supervised release. *Id.*

Judge Ingram considered the relevant § 3553 factors in the context of the § 3583 analysis. Judge Ingram found that Mr. Gibson's continued drug use puts him dangerously close to the conduct of his underlying conviction. *Id.* at 6. Additionally, Judge Ingram considered Mr. Gibson's history of supervised release violations. *Id.* at 7. Mr. Gibson's first supervised release violation occurred just four days after his release from incarceration. This time, Mr. Gibson was released just weeks before violating. Judge Ingram noted that the primary wrong in the supervised release context is violation of the Court's trust by the Defendant. *Id.* at 8. Again, Mr. Gibson had failed twice to comply with the conditions of supervised release, indicating that the Court's trust was misplaced. *Id.* at 8. Ultimately, Judge Ingram recommended a term of imprisonment of twelve months, followed by a two-year term of supervised release.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Gibson has filed a waiver of allocution. [R. 1224.]

Generally, this Court must make a *de novo* determination of those portions of the Report

and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge In0gram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 1218**] as to Defendant Robert Joe Gibson, is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Gibson is found **GUILTY** of all violations;

3. Mr. Gibson's Supervised Release is **REVOKED;**

4. Mr. Gibson is hereby sentenced to a term of incarceration of **twelve (12) months**;

5. Upon completion of the term of incarceration, Mr. Gibson is hereby sentenced to a term of supervised release of **two years** under the conditions previously imposed; and

6. Judgment shall enter promptly.

This the 11th day of January, 2019.

Gregory F. Van Tatenhove
United States District Judge